IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1997 SESSION

FILED

November 13, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 02C01-9606-CR-00187 |
| | ) | |
| | ) | Shelby County |
| v. | ) | |
| | ) | Honorable Bernie Weinman, Judge |
| | ) | |
| NASSEL BROWN, | ) | (Rape of a Child) |
| | ) | |
| Appellant. | ) | |


For the Appellant:

A. C. Wharton, Jr.
District Public Defender

Diane Thackery
Assistant Public Defender
201 Poplar Avenue
Memphis, TN 38103
  (AT TRIAL)

Walker Gwinn
Assistant Public Defender
201 Poplar Avenue
Memphis, TN 38103
  (ON APPEAL)

For the Appellee:

Charles W. Burson
Attorney General of Tennessee
       and
Georgia Blythe Felner
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

John W. Pierotti, Jr.
District Attorney General
       and
Patience R. Branham
Assistant District Attorney General
201 Poplar Avenue
Memphis, TN 38103


OPINION FILED:_____


AFFIRMED PURSUANT TO RULE 20

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, Nassel Brown, appeals as of right from his conviction for rape of a child, a Class A felony, in the Shelby County Criminal Court. As a Range I, standard offender, the defendant received a sentence of fifteen years in the Department of Correction. In this appeal as of right, he contends that the evidence is insufficient to support his conviction because the state failed to prove that he penetrated the victim. We affirm the judgment of the trial court.

Our standard of review when the sufficiency of the evidence is questioned on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). This means that we may not reweigh the evidence, but must presume that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Rape of a child is the reckless, knowing, or intentional, unlawful sexual penetration of a victim by the defendant or the defendant by a victim, if such victim is less than thirteen (13) years of age. See T.C.A. §§ 39-11-302(c) and 39-13-522(a); "Sexual penetration" includes "any intrusion, however slight, of any part of a person's body into the [victim's] genital or anal openings." T.C.A. § 39-13-501(7).

When viewed in the light most favorable to the state, see Cabbage, 571 S.W.2d at 835, the proof at trial established that the defendant entered the room where the ten-year-old victim was asleep on the couch, removed her panties, and caused the

2

victim pain by touching his penis to her vagina. Although the victim's hymenal tissue was not torn as a result of the touching, the victim was missing part of her hymenal tissue. The victim also had fibrous bands on her labia minora and a dark red area on the left side of her vagina. Expert testimony reflected that these findings are consistent with something, such as a finger or the head of a penis, having been inserted and rubbed against the victim over a period of time. A test performed on swabs from the victim's vaginal opening revealed the presence of a small number of sperm cells.

After full consideration of the record, the briefs, and the law governing the issue presented, we are of the opinion that the evidence is sufficient to support the defendant's conviction for rape of a child and that no precedential value would be derived from the rendering of a full opinion. Therefore we conclude that the judgment of the trial court should be affirmed pursuant to Rule 20, Tenn Ct. Crim. App. R.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
David G. Hayes, Judge


_____
William M. Barker, Judge

3